Argued and submitted March 17, reversed and
remanded for further proceedings June 23, 1982

## MESSER et al,
*Petitioners,*

*v.*

## POLK COUNTY DISTRICT
## BOUNDARY BOARD,
*Respondent.*

(CA A22742)

646 P2d 1369

Scott McArthur, Monmouth, argued the cause for petitioners. With him on the briefs was McArthur & Jennings, Monmouth.

Mark Irick, Dallas, argued the cause for respondent. With him on the brief was Hayter, Shetterly & Irick, Dallas.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioners seek review of an order of the Polk County District Boundary Board (Board) denying their petition, pursuant to ORS 330.090, to have their real property transferred from the Perrydale School District to the Dallas School District. Because the Board's decision is not supported by the record before us, we reverse and remand for further proceedings.

After petitioners had filed their petition seeking a change in the school district boundary lines, and proper notice had been given, a hearing was held on September 21, 1981. At that meeting petitioner John Messer presented a written statement and oral testimony on behalf of all petitioners. The superintendent of the Perrydale School District appeared in opposition to the change. The Board postponed its decision until its next meeting. At that meeting, on October 19, 1981, petitioners were informed that the Board's tape recorder had not been working during the September meeting and that the only record of that meeting that was available was the minutes and the written statement submitted by petitioners. When asked if he had any objections to the minutes, Messer indicated that he did object, because the minutes did not contain the testimony that had been given. The Board proceeded, however, to adopt the minutes and then turned to the merits of the boundary change. On motion of one of its members, the Board voted to deny the petition.

ORS 330.090(2) provides that the Board shall grant a petition for a change of boundary

"* * * if it finds that the proposed change:

"(a) Will have no substantial adverse effect upon the ability of the districts affected to provide the educational program required by law.

"(b) Is not likely to adversely affect the educational programs available to the children in the area affected by the proposed change.

"(c) Is not made solely for tax advantages to the property owners in the district or area affected by the proposed change.

"* * * * *"

Review of the action of the Board is provided in ORS 330.101(6):

"Judicial review of an action taken under this section shall be by the Court of Appeals in the manner provided in ORS 183.482."

Petitioners contend that the decision of the Board is not supported by substantial evidence. *See* ORS 183.482(8)(c). In denying the petition, the Board made two findings of fact:

"ORS 330.090(2)(a)

"That any funds, if subtracted from the Perrydale School District monies, could effect [sic] the education process and the removal could effect the educational programs offered.

"ORS 330.090(2)(c)

"That the transfer of the property from one school district to another is definitely a tax advantage and would hurt the Perrydale School District in the loss of their tax dollars."[1]

■   The record before us does not contain substantial evidence to support the findings, as required by ORS 183.482. The minutes of the September meeting indicate only that the Perrydale superintendent made a statement in opposition to the petition and that:

"He emphasized what the economic effect the loss of this property from the Perrydale School District would be and what effect it could have on the educational programs that Perrydale is able to offer."

The testimony underlying this entry is apparently the basis for the Board's finding, but the general statement does not constitute substantial evidence in the record to support the Board's finding.

■   In addition, it is not clear from the finding itself that the Board applied the appropriate criteria. The statute provides that the inquiry is whether the change will affect the district's ability "to provide the educational programs required by law." The Board's finding is only that the loss

---

[1] This is how the findings of fact were stated in a letter from the Executive Secretary of the Board to petitioners. The proposed findings were stated in only slightly different language. as part of the oral motion to deny the petition.

of monies "could effect [sic] the education process and * * * the educational programs offered." Without having before us the evidence that the Board relied on in making its finding, we are unable to determine whether the appropriate inquiry was made, that is, we cannot tell whether the "programs" referred to in the order are those required by law.

Further, the finding concerning ORS 330.090(2)(c) states only that the change would be a tax advantage and that it would hurt the Perrydale District. It does not purport to be a finding that the change was sought "solely for tax advantages" to petitioners. The statute provides that the change may be denied under ORS 330.090(2)(c) if it is sought *solely for* tax advantages, not merely because it would incidently *have* tax advantages.

■    The Board contends that petitioners have the burden to establish the criteria set out in ORS 330.090(2) and that the Board could have concluded that petitioners had not met that burden. *See Fed. of Seafood Hrvstrs. v. Fish & Wildlife Comm.,* 291 Or 452, 632 P2d 777 (1981); *cf. Jurgenson v. Union County Court,* 42 Or App 505, 600 P2d 1241 (1979) (denial of zone change is supported by substantial evidence unless court can say proponent met burden of proof as a matter of law). We agree that the Board could reach such a conclusion. However, *the petitioners here addressed each of the criteria, at least in their written statement. The Board has not indicated that it found that petitioners failed to meet their burden of proof, but seemed to rely in making its findings on the testimony of the Perrydale superintendent, which, as already noted, is not in the record before us.

On remand the Board must apply the appropriate criteria under the statute and make a record that this court can review.

Reversed and remanded for further proceedings.