Argued and submitted June 29, reversed and remanded October 12, 1983

## MESSER et al,
*Petitioners,*

*v.*

## POLK COUNTY DISTRICT
## BOUNDARY BOARD,
*Respondent.*

### (CA A26348)

670 P2d 183

Scott McArthur, Monmouth, argued the cause and filed the brief for petitioners.

Mark Irick, Dallas, argued the cause for respondent. With him on the brief was Shetterly, Irick & Shetterly, Dallas.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioners appeal for the second time from an order of the Polk County District Boundary Board (Board) denying their petition, pursuant to ORS 330.090, to have their real property transferred from the Perrydale School District to the Dallas School District. In *Messer v. Polk Co. Dist. Boundary Bd.*, 58 Or App 46, 646 P2d 1369 (1982) *(Messer I)*, we reversed the Board's initial order and remanded the case for further proceedings, because the order was not supported by the incomplete record before us. On remand, the Board held a *de novo* hearing, and on November 15, 1982, it again denied the petition. Because we find that the second order was not supported by substantial evidence, we reverse and remand again for further proceedings.

Petitioners own adjoining parcels of land in the Perrydale School District. The Fasts' parcel is contiguous to the Dallas School District, and the Messers' property abuts the Fast parcel, but not the Dallas School District boundary. The Fasts have only one school age child, who attends Perrydale Elementary School. Although the three Messer children attended Perrydale schools through the elementary level, they are currently enrolled in the Dallas schools on a tuition basis. Both couples would obtain a tax advantage if the petition were granted.

ORS 330.090(2) provides that the Board shall grant a petition for a change of boundary

"* * * if it finds that the proposed change:

"(a) Will have no substantial adverse effect upon the ability of the districts affected to provide the educational program required by law.

"(b) Is not likely to adversely affect the educational programs available to the children in the area affected by the proposed change.

"(c) Is not made solely for tax advantages to the property owners in the district or area affected by the proposed change.

"(d) Is not likely to adversely affect any contemplated reorganization under ORS 330.505 to 330.780.

"(e) Will not result in territory of a district becoming noncontiguous."

The Board interpreted ORS 330.090(2)(c) to require that it determine the motive of *each* petitioner in seeking the transfer and that it exclude from consideration the property of any petitioners whose sole motivation in seeking the transfer is to gain a tax advantage. Having concluded that the Fasts were motivated solely by tax advantages, the Board excluded their property from the petition. Because the removal of the Fast property resulted in the Messer property being noncontiguous to the Dallas School District, the Board denied the Messer petition pursuant to ORS 330.090(2)(e).

At the outset, petitioners challenge the Board's interpretation of ORS 330.090(2)(c). They argue that the clear mandate of the statute is that a transfer may be denied under that subsection only where the sole motive of *all* property owners is to gain a tax advantage. The Board contends, however, that if this interpretation were applied, petitioners who sought a transfer solely for tax advantages could avoid the restriction of ORS 330.090(2)(c) simply by joining one "legitimate" petitioner in their request. We need not reach that question, because the record does not support the Board's finding that the Fasts were motivated *solely* by tax concerns in joining in the petition.

■ Judicial review of the Board's action is provided for by ORS 330.101(6), which states that review shall be governed by ORS 183.482, subsection (8)(c) of which provides that:

"The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

This court has previously defined substantial evidence as "evidence which a reasonable mind could accept as adequate to support a conclusion." *Braidwood v. City of Portland,* 24 Or App 477, 480, 546 P2d 777, *rev den* (1976).

■ There is no finding of fact, as such, that the Fasts' sole motive in signing the petition was to gain a tax advantage. The Board did find that they would gain a tax advantage, that they have one child attending the Perrydale Elementary School and that that school provides an elementary education equal in quality to that offered in the Dallas School District. Those findings are supported by the record and are not disputed.

The question is whether those findings support the Board's conclusion that the Fasts' sole motive for joining the petition was to gain a tax advantage. The Board stated:

"* * * The evidence indicates, and the petitioners agree, that the quality of elementary education available in the Perrydale School District is comparable to that available in the Dallas School District. Since the Fasts' only school age child is in elementary school, the Fasts' motive for wanting a transfer to the Dallas School District cannot be related to achieving a higher quality of education for their child. No other explanation for the Fasts' motive for requesting a transfer was given to the Board. Therefore, in light of the significant tax savings which would result from the transfer, the Board concludes that the sole motive for the Fasts' requested transfer to the Dallas School District is to gain a tax advantage. * * *"

In *Messer I,* we admonished that a transfer may be denied under ORS 330.090(2)(c) if it is sought " '*solely for* tax advantages,' * * * not merely because it would * * * *have* tax advantages." 58 Or App at 50. (Emphasis in original.) In another context, the Supreme Court has defined "solely" as " '[e]xclusively, to the exclusion of other purposes, persons, etc. * * *' " *Bergsvik v. Bergsvik,* 205 Or 670, 684, 291 P2d 724 (1955), quoting Webster's International Dictionary (2d ed).

The record here does not contain substantial evidence that would support a finding that the Fasts' exclusive motive in initiating the petition was to obtain a tax advantage. The only evidence is that the Messers and the Fasts filed the petition to gain access to the Dallas school system for their children. Both families attended the hearing, and Dr. Messer spoke on behalf of both families. He repeatedly emphasized that the purpose of the petition was to gain access to the Dallas school system and, with respect to the Fasts, he stated:

"* * * [Fasts'] children, with one exception, are not yet of school age, but do have one child in Perrydale now, but it is their hope also to be able to have their children in the Dallas School District. * * *"

The Board asked the Fasts if they had anything to add to what Dr. Messer had said, and they indicated that they did not. Regardless of whether the Fasts were satisfied with the elementary education provided by Perrydale, the statute does not require that they be dissatisfied in any particular respect.

Rather, it is clear that, so long as the petitioners are not motivated *only* by tax concerns in seeking the boundary change, their petition may not be denied by virtue of ORS 330.090(2)(c).

We hold only that this record does not support the Board's conclusion that ORS 330.090(2)(c) justifies denial of this petition. Because the Board made no determinations as to the effect of the proposed change under the other criteria of ORS 330.090, we remand for further proceedings.

Reversed and remanded.