Argued and submitted March 18, affirmed September 18, 1985

KUMLEY et al,
*Petitioners,*

*v.*

POLK COUNTY DISTRICT
BOUNDARY BOARD,
*Respondent.*

(CA A32889)

706 P2d 562

Scott McArthur, P.C., Monmouth, argued the cause and filed the brief for petitioners.

Mark Irick, Dallas, argued the cause for respondent. With him on the brief were Shetterly, Irick & Shetterly, Dallas.

NEWMAN, J.

**NEWMAN, J.**

Petitioners seek review of an order of the Polk County District Boundary Board (Board). ORS 183.482; ORS 330.101(6). It denied their petition to transfer a portion of farm property that they owned or occupied from the Perrydale School District in Polk County to the Sheridan School District in Yamhill County. We affirm.

Petitioners and their foster child live on a farm that partly lies within both common school districts and counties. Their home is on the portion of the farm that lies in Yamhill County and in the Sheridan School District. The child attends public school in that district. Petitioners began to build a new home on the part of the farm that lies in the Perrydale School District in Polk County contiguous to the Sheridan School District. Because school districts in two counties are affected, petitioners petitioned the boundary boards in both counties to approve the transfer. Although the Yamhill County District Boundary Board approved the transfer, *see* ORS 330.095, the Board in Polk County did not concur.[1]

ORS 330.090(2) provides that a district boundary board may alter common school district boundaries if it finds that the proposed change:

"(a) Will have no substantial adverse effect upon the ability of the districts affected to provide the educational program required by law.

---

[1] ORS 330.095 provides:

"(1) The petition for proposed change in school districts shall:

"(a) Be directed to the district boundary board of the county or counties having jurisdiction over the affected school districts;

"(b) Contain the names and numbers of districts affected by the change;

"(c) Contain a concise statement of the type of change requested and, if only a portion of the school district is involved, contain a legal description thereof; and

"(d) Contain the signatures and resident addresses of the petitioners and the names of the school districts in which they reside.

"* * * * *

"(3) When any proposed change affects school districts under the jurisdiction of different district boundary boards, the proposed change shall first be acted upon by the district boundary board of the county in which lies the larger of the district, but must be concurred in by the district boundary board of the other county or counties."

"(b)   Is not likely to adversely affect the educational programs available to the children in the area affected by the proposed change.

"(c)   Is not made solely for tax advantages to the property owners in the district or area affected by the proposed change.

"(d)   Is not likely to adversely affect any contemplated reorganization under ORS 330.505 to 330.780.

"(e)   Will not result in territory or a district becoming noncontiguous."

Unless it found those criteria were met, the Board lacked statutory authority to concur in the change.

Petitioners first assign as error that the Board found that there was no substantial evidence that the proposed transfer would have no substantial adverse effect upon the ability of the Perrydale School District to provide the educational program required by law. *See* ORS 330.090(2)(a). There is, however, no substantial evidence in the record that the criterion of ORS 330.090(2)(a) is met.[2] The burden was on petitioners to present such evidence. *Messer v. Polk Co. Dist. Boundary Bd.,* 58 Or App 46, 50, 646 P2d 1369 (1982). They did not. On the other hand, the Perrydale school superintendent testified:

"[SUPERINTENDENT:] Any change you make tax dollar wise, in the Perrydale District, it is adversely going to affect the children in that district. We're presently under a tax rate limitation law that says we cannot just raise the tax rate of a district and reapportion out the costs. So what I'm saying is, if the $2,000 or $3,000 in taxes from the Kumley property were removed from the Perrydale District, we would not be able to recoup that money; that would be a loss to our District of that amount.

"* * * * *

"*CHAIRMAN:* If Perrydale is cut $4,000, say for round figures, then for the sake of argument, what might be cut?

"[SUPERINTENDENT]: Oh, we're looking at half of a teacher's aide perhaps. At this point who knows where you begin, textbooks? We're right down to bare bones now, we've had our tax levy up twice and it's been defeated. Hopefully,

---

[2] Petitioners did not assign as error that the Board should have found, on the evidence in the record, that the criterion in ORS 330.090(2)(a) was met. In any event, the record lacks substantial evidence to support such a finding.

we're going to be able to pay it so we can open in the fall. It could be any part of our program."

The Board found that the proposed change would have a substantial adverse affect upon the ability of the Perrydale School District to provide the educational program required by law, that the record contained no evidence that the proposed change meets the criterion in ORS 330.090(2)(a) and that petitioners failed to carry their burden to present such evidence. Petitioners' assignment of error is without merit.[3]

 Affirmed.

---

[3] Because of our disposition of petitioners' first assignment of error, it is not necessary to discuss their other assignments.