On respondent's motion to dismiss appeal filed December 18, 1986, petition for judicial review dismissed October 21, reconsideration denied December 18, 1987, petition for review denied February 2, 1988 (305 Or 45)

In the Matter of the Application of
Teri M. Beaman and Jack C. Beaman for
Transfer of Real Property from Central
School District 13J, Polk County, Oregon, to
Salem-Keizer District 24J, Marion County, Oregon.

CENTRAL SCHOOL DISTRICT 13J,
POLK COUNTY, OREGON (Beaman I),
*Petitioner,*

*v.*

MARION DISTRICT BOUNDARY BOARD,
*Respondent.*

(CA A42081)

744 P2d 284

Scott McArthur, Monmouth, for petitioner.

William G. Paulus and Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem, for respondent.

Before Young, Presiding Judge, and Warren and Deits, Judges.

YOUNG, P. J.

## YOUNG, P. J.

The Beamans filed a petition to change the boundaries of Central School District 13J (petitioner) in order to transfer their property into the Salem-Keizer School District. The change would affect school districts under the jurisdictions of the Marion County Boundary Board (Marion Board) and the Polk County Boundary Board (Polk Board). On October 14, 1986, Marion Board ordered the boundary change by a document titled "Notice to School Boards." Petitioner then sought judicial review of that order.[1] Marion Board has moved to dismiss, arguing that we lack jurisdiction. We agree and grant the motion.

■■ Review of Marion Board's action lies either in this court or before the State Board of Education, depending on whether the petition is a "double 100 percent petition," ORS 330.101(5), or a petition under ORS 330.090, *and* whether it is approved or not.[2] However, there is not yet anything to review, because Marion Board's action is not final. The Beaman petition involves districts under the jurisdiction of both Marion Board and Polk Board. Polk Board has not acted. When districts under the jurisdiction of more than one boundary board are involved in a boundary change, approval by the board in which the larger district lies is only a preliminary action. The change is not effective unless and until the board in which the smaller district lies concurs. ORS 330.095(3).[3] That board may refuse to concur. *See, e.g., Kumley v. Polk Co. Dist.*

---

[1] Petitioner also sought a writ of review in the Marion County Circuit Court.

[2] There are two ways, in addition to the boundary board changing boundaries on its own motion, to initiate a boundary change: a petition under ORS 330.090(3) or a "double 100 percent" petition under ORS 330.101(5). The available avenues of review of actions on boundary change petitions differ, depending on the type of petition filed and whether the boundary board approves or denies the petition. *See, e.g.,* ORS 330.090(8)(review of board's failure to approve ORS 330.090(3)(a) petition is by State Board of Education and then by Court of Appeals under ORS 330.101(6)); ORS 330.101(5) (review of board's approval or denial of double 100 percent petition is by State Board of Education and then by Court of Appeals under ORS 330.101(6)); ORS 330.101(6) (review of action taken under ORS 330.101(1) to (5) is by petition for judicial review as in a contested case).

[3] ORS 330.095(3) provides:

"When any proposed change affects school districts under the jurisdiction of different district boundary boards, the proposed change shall first be acted upon by the district boundary board of the county in which lies the larger of the districts, but must be concurred in by the district boundary board of the other county or counties."

*Boundary Board,* 75 Or App 315, 706 P2d 562 (1985). Here, Marion Board's approval of the change cannot be effective until Polk Board concurs and, if Polk Board does not concur, there will not be anything to review. Marion Board's order is not subject to review by either the State Board of Education or this court until Polk Board approves it. *See Steamboaters v. Winchester Water Control Dist.,* 69 Or App 596, 688 P2d 92, *rev den* 298 Or 553 (1984). We therefore lack jurisdiction.[4]

The petition for judicial review is dismissed.[5]

---

[4] Petitioner argues that there is no guarantee that it can obtain further administrative review in this case, because "various county boundary boards in Oregon" do not agree about whether Polk Board must hold a hearing and enter findings or only concur in the action taken by respondent. The concurrence question is not before us. We note, however, that our opinion in *Kumley v. Polk Co. Dist. Boundary Board, supra,* makes it clear that there must be an opportunity to present evidence from which Polk Board can determine whether the statutory criteria have been met.

[5] In view of our disposition, the motion for transcription of the record is denied.