On the Court of Appeals' order to show cause dated January 7, order withdrawn and judicial review to go forward October 21, 1987

BUTTE CREEK SCHOOL DISTRICT NO. 67J,
CLACKAMAS COUNTY, OREGON,
*Petitioner,*

*v.*

CLACKAMAS COUNTY DISTRICT
BOUNDARY BOARD,
*Respondent.*

(CA A42011)

744 P2d 286

Chris L. Mullmann and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland, for respondent.

Mark B. Comstock and Garrett, Seideman, Hemann, Roberts & Demuniz, P.C., Salem, for petitioner.

Before Young, Presiding Judge, and Warren and Deits, Judges.

YOUNG, P. J.

## YOUNG, P. J.

We issued an order requiring petitioner Butte Creek School District to show cause why this proceeding for judicial review should not be dismissed as premature. We now withdraw the order.

Eugene A. Jackson and Carlene A. Jackson petitioned to transfer land from the Butte Creek School District and the Mollala School District to the Scotts Mills and Silverton School Districts. On July 21, 1986, the Clackamas County District Boundary Board (Clackamas Board) considered that the petition was "in compliance with ORS 330.090," made the requisite findings under ORS 330.090(4) and passed a resolution approving the petition. On July 22, the petition and the resolution were forwarded to the Marion County District Boundary Board (Marion Board), along with a letter from the superintendent of the Clackamas County Education Service District stating:

> "[W]e found that the petition meets the double 100% requirements of O.R.S. 330.101(5), and that all the requirements of O.R.S. 330.090(4) have been met. Based on these findings, the Boundary Board of Clackamas County approved the change."

On September 9, Marion Board concurred. *See* ORS 330.095(3).[1] On November 7, petitioner filed a petition for judicial review "of the final order of the [Clackamas Board] as approved by the [Marion Board]" in this court, attaching Clackamas Board's resolution, the record of approval by Marion Board and letters from a Clackamas official stating that it had treated the petition as a "double 100 percent" petition.

We issued an order to show cause why the petition should not be dismissed as premature, because review of a double 100 percent petition is first by remonstrance to the State Board of Education (State Board) and only after that by a petition for judicial review. ORS 330.101(5). In response, petitioner asserted that, after Marion Board's concurrence, petitioner filed a remonstrance with State Board pursuant to ORS 330.101(5) and that a referee notified petitioner, by letter

---

[1] ORS 330.095(3) provides that when, as here, a proposed change affects districts under the jurisdiction of different boundary boards, the change is not effective unless all boards concur.

dated September 10, 1986, that State Board was without jurisdiction, because the petition did not meet the double 100 percent requirement of ORS 330.101(5).

■ There are two ways to initiate[2] a school district boundary change: a petition filed under ORS 330.101(5) ("double 100 percent petition") or a petition filed under ORS 330.090(3). Review of boundary board decisions on double 100 percent petitions is by remonstrance to State Board within 30 days of the boundary board's order. ORS 330.101(5). Thus, if the Jacksons' petition was a double 100 percent petition, State Board has jurisdiction to review Clackamas Board's order, and this court does not.[3]

■ If, on the other hand, the petition complies with ORS 330.090(3), this court has jurisdiction. An aggrieved party has two ways to challenge a boundary board's approval[4] of a petition under ORS 330.090(3). The first is by a remonstrance for an election. ORS 330.101(1),(2). The second is by petition for judicial review within 60 days of the date when the boundary board's order becomes final. ORS 330.101(6); ORS 183.482. ORS 330.101(6) provides:

> "Judicial review of *an action taken under this section* * * * shall be by the Court of Appeals in the manner provided in ORS 183.482." (Emphasis supplied.)

The statute does not make clear whether the legislature intended judicial review to be available when no remonstrance for an election is filed and a boundary board approves a petition filed under ORS 330.090(3).

We conclude, for two reasons, that the legislature did

---

[2] A boundary change may also be initiated on a boundary board's own motion. ORS 330.090(3). *See also Central School (Beaman I) v. Marion District* 88 Or App 85, 744 P2d 284 (1987).

[3] In this case, the letter of State Board, in conjunction with the documents attached to the petition for judicial review, might constitute a final order of State Board. *See Standard Ins. Co. v. Olin,* 303 Or 136, 734 P2d 352 (1987). Judicial review of a final order of State Board is by this court as a contested case under the Administrative Procedures Act. ORS 330.101(6); ORS 183.482. The petition for judicial review was filed within 60 days of that order. *See* ORS 183.482(1). Accordingly, we arguably could have jurisdiction to review State Board's determination that it does not have jurisdiction. However, petitioner does not seek review of State Board's order, and we therefore cannot decide the issue.

[4] If a boundary board *fails* to approve a petition filed under ORS 330.090(3), the petitioner may appeal to State Board. ORS 330.090(8).

intend to provide for judicial review. First, we can think of no reason why the legislature provided for State Board *and* judicial review when a double 100 percent petition is approved or denied, *see* ORS 330.101(5),(6), and when a petition under ORS 330.090(3) is *denied, see* ORS 330.090(8); ORS 330.101(6), but did not intend to provide for judicial review when a boundary board *approves* a petition under ORS 330.090(3). Second, the logic of the language of ORS 330.101(6) leads us to conclude that the legislature intended to provide for judicial review. The words "this section" must refer to the first five subsections of ORS 330.101. "This section" cannot refer to subsection (6), which relates *solely* to judicial review. It is unlikely that "this section" refers only to subsection (5), because, if the legislature had so intended, there would have been no reason to make the review provision a separate subsection. Moreover, in subsection (5) itself, the legislature distinguishes between "section" (meaning the whole of ORS 330.101) and "subsection" (a part thereof):

"Notwithstanding *subsection* (1), (2) or (3) of this *section* * * *." ORS 330.101(5). (Emphasis supplied.)

Here, Clackamas Board's order became final on September 9, when Marion Board concurred. *See Central School (Beaman I) v. Marion District (A42081),* 88 Or App 85, 744 P2d 284 (1987). The petition for review was filed within 60 days thereafter. Thus, we have jurisdiction, if the petition is under ORS 330.090(3).

The problem is that, until we receive the record on review, we are unable to determine whether the petition was a double 100 percent petition or a petition under ORS 330.090(3). We therefore withdraw the order to show cause.

The order to show cause is withdrawn; the petition for judicial review is not premature, and judicial review may go forward.