Argued and submitted April 13, reversed May 18, 1988

# CENTRAL SCHOOL DISTRICT 13J, POLK COUNTY, OREGON,
*Petitioner,*

*v.*

# STATE BOARD OF EDUCATION,
*Respondent.*

(CA A44312)

754 P2d 923

Scott McArthur, Monmouth, argued the cause and filed the brief for petitioner.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

**RIGGS, J.,** pro tempore.

Petitioner requests review of an order of the State Board of Education (State Board) granting a transfer of property from petitioner to the Salem-Keizer school district. We reverse.

Jerry and Ann Fuller and the Candalaria Investment Co. petitioned to transfer certain land to the Salem-Keizer school district. The petition claimed that it was filed under both ORS 330.090 and ORS 330.101(5). The Marion County Boundary Board approved the transfer. The Polk County Boundary Board held a hearing on the matter on June 16, 1986, and voted to deny the petition. Following that hearing, the Polk County Board sent a letter to the Fullers advising them that it intended to deny the petition and that a final order would be approved at the next Board meeting on July 21, 1986. On July 17, Jerry Fuller, after receiving the Board's letter, wrote a letter to the Superintendent of Public Instruction stating that he wished to "preserve [his] appeal rights," apparently intending the letter to constitute a remonstrance to State Board. *See* ORS 330.101(5). On July 21, the Polk County Board entered a final order rejecting the transfer.

State Board ordered a hearing, treating Fuller's letter as a remonstrance. On February 6, 1987, before the hearing before State Board, petitioner filed a series of motions. Among them was a request that State Board rule whether the proceedings were under ORS 330.090(3) or ORS 330.101(5) and a motion to dismiss for lack of jurisdiction because Fuller's remonstrance was prematurely filed. The hearings officer eventually denied all of petitioner's motions and filed his proposed order with State Board, recommending that the property be transferred. On May 8, 1987, State Board entered its final order approving the transfer.

There are two methods by which individuals may initiate a school district boundary change: a petition filed under ORS 330.101(5) ("double 100 percent petition") or a petition filed under ORS 330.090(3). Review of boundary board decisions on double 100 percent petitions is by remonstrance to State Board within 30 days of the boundary board's order. ORS 330.101(5). Under ORS 330.090(3), an aggrieved party has two ways to challenge a boundary board's approval of a petition. The first is a remonstrance for an

election. ORS 330.101(2). The second is a petition for judicial review within 60 days of the date when a boundary board's order becomes final. ORS 330.101(6); ORS 183.482. *Butte Creek School Dist. v. Clackamas Co.,* 88 Or App 89, 92, 744 P2d 286 (1987); *see also Central School (Beaman I) v. Marion District,* 88 Or App 85, 87 n 2, 744 P2d 284 (1987), *rev den* 305 Or 45 (1988).

■ ■   Although State Board did not specify under which statute it and the landowners were proceeding, either method requires a final order of the district boundary board before a party may seek review by this court or State Board. *Jackson v. Dept. of Rev.,* 298 Or 633, 695 P2d 923 (1985); *Central School (Beaman I) v. Marion District, supra.* The Fuller remonstrance was premature because it preceded the final order of the Polk County District Boundary Board. As we noted in *Central School (Beaman I) v. Marion District, supra,* 88 Or App at 87, lack of final action at the boundary board level leaves the reviewing authority with nothing to decide.

■   We turn to the issue of whether State Board's apparent acknowledgement of jurisdiction and conduct of a hearing cure the defect of premature filing by Fuller. We hold that they do not. Until the final order is filed by the boundary board, there is no certainty of outcome and no complete record upon which there can be meaningful review. The fact that the reviewing authority (in this case State Board) chose to overlook the defect cures nothing. The filing of a final order is jurisdictional for purposes of review and cannot be waived. The time for filing a proper remonstrance starts after that filing, not before.

■   Petitioner also argues that State Board erred, because it did not specify under which statute, ORS 330.090 or ORS 330.101, it made its ruling. Although our decision renders that issue moot, appropriate appellate review can only be obtained if there are specific findings of fact and law as to the statutory method under which the State Board acted.[1]

Reversed.[2]

---

[1] Because of our disposition of this issue, we do not reach petitioner's remaining assignments of error.

[2] *See Butte Creek School Dist. v. Clackamas Co.,* 91 Or App 300, 754 P2d 926 (1988).