Argued and submitted April 13, reversed May 18, 1988

BUTTE CREEK SCHOOL DISTRICT NO. 67J,
CLACKAMAS COUNTY, OREGON,
*Petitioner,*

*v.*

CLACKAMAS COUNTY DISTRICT
BOUNDARY BOARD,
*Respondent.*

(CA A42011)

754 P2d 926

William G. Paulus, Salem, argued the cause for petitioner. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

No appearance for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

**RIGGS, J.,** pro tempore.

Petitioner seeks review of an order approving a school district boundary change. We reverse.

Eugene and Carlene Jackson filed a petition with respondent, pursuant to ORS 330.080 to ORS 330.310, to transfer approximately 200 acres from the Butte Creek and Molalla School Districts to the Scotts Mills and Silverton School Districts. The petition was signed only by the Jacksons and involved property owned by them and the United States Forest Service. Although the Forest Service did not petition for or participate in the proposed boundary change proceeding, respondent entered an order granting the transfer.

We have considered this case once before on our order requiring petitioner to show cause why this proceeding should not be dismissed as premature. *Butte Creek School Dist. v. Clackamas Co.,* 88 Or App 89, 744 P2d 286 (1987). In that opinion we noted that there are two methods by which individuals may initiate a school district boundary change. 88 Or App at 92. The first is a petition, pursuant to ORS 330.090(3),[1] signed by persons residing on or owning the subject property. The second is a petition, pursuant to ORS 330.101(5),[2] signed by 100 percent of the owners of, and 100

---

[1] ORS 330.090(3) provides:

"In the manner provided in ORS 330.090 to 330.107, the district boundary board on its own motion or on petition may merge smaller districts into larger districts or alter the boundaries of common or union high school districts. The petition shall be signed by persons residing or owning or occupying real property within territory embraced within a proposed merger or boundary change as follows:

"(a) One hundred percent of the persons at least 18 years of age; or

"(b) Twenty-five percent of the electors, but no fewer than three nor more than 25 signatures shall be required."

[2] ORS 330.101(5) provides:

"Notwithstanding subsection (1), (2) or (3) of this section, if a petition signed by 100 percent of the owners of record or the contract purchasers of real property and 100 percent of the electors registered in an area requesting that the area be annexed to another school district to which it is contiguous is presented to the district boundary board, the board, if it makes the findings set forth in ORS 330.090(4), shall order the change to be made effective on the following May 31, providing a remonstrance signed by the school boards of any affected district or by the original petitioners is not presented to the State Board of Education within 30 days of the date of the order. If such a remonstrance is presented to the State Board of Education, the board shall set a time for a hearing, give notice of the same, and hear the case in the area affected. If the board deems it advisable, the board may appoint a hearings officer to hold the hearing. After considering the testimony, the board shall confirm or reject the action of the boundary board and such determination shall be final."

percent of the electors residing on, the subject property.

It is not clear from the record under which statute the Jacksons and respondent were proceeding. It is clear, however, that respondent has not complied with either statute. The petition for the boundary change did not contain the signature of a Forest Service representative. Under ORS 330.101(5), the signatures of 100 percent of the contiguous property owners are required. Under ORS 330.090(3), at least three signatures are required, and only two are on the present petition. Therefore, respondent erred in allowing the boundary change.[3]

Reversed.

---

[3] *See Central School Dist. v. State Board of Education,* 91 Or App 308, 754 P2d 923 (1988).