CENTRAL SCHOOL DISTRICT 13J,
*Appellant,*

*v.*

MARION COUNTY DISTRICT BOUNDARY BOARD,
*Respondent.*

(86C-12020; CA A43358)

766 P2d 413

Scott McArthur, Monmouth, argued the cause for appellant. With him on the briefs was Scott McArthur, P.C., Monmouth.

William G. Paulus, Salem, argued the cause for respondent. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this appeal from the dismissal of a writ of review, we again address the proposed school boundary change involved in *Central School (Beaman I) v. Marion District,* 88 Or App 85, 744 P2d 284 (1987), *rev den* 305 Or 45 (1988). Teri and Jack Beaman petitioned to transfer their property from Central School District 13J Polk County (appellant) to the Salem-Keizer School District in Marion County. On October 14, 1986, the Marion County District Boundary Board ordered the change.[1] Appellant filed a petition for a writ of review from that order. The trial court dismissed for lack of jurisdiction. Appellant argues that the dismissal was error and that the circuit court can review a decision of a boundary board on a petition under ORS 330.090(3).[2]

Appellant is wrong. The circuit court does not have jurisdiction to review a board's action on a petition under ORS 330.090(3):

"There are two methods by which individuals may initiate a school district boundary change: a petition filed under ORS 330.101(5) ('double 100 percent petition') or a petition filed under ORS 330.090(3). Review of boundary board decisions on double 100 percent petitions is by remonstrance to State Board within 30 days of the boundary board's order. ORS 330.101(5).[3] Under ORS 330.090(3), an aggrieved party has two ways to challenge a boundary board's approval of a petition. The first is a remonstrance for an election. ORS

---

[1] *Beaman I* involved a petition for judicial review of that order. We dismissed the review for lack of jurisdiction, because the boundary change petition involved school districts under the jurisdiction of both the Marion and Polk Boards, and the Polk Board had not acted. *See* ORS 330.095. Therefore, the action by the Marion Board was not final.

[2] ORS 330.090(3) provides:

"*In the manner provided in ORS 330.090 to 330.107,* the district boundary board on its own motion or on petition may merge smaller districts into larger districts or alter the boundaries of common or union high school districts. The petition shall be signed by persons residing or owning or occupying real property within territory embraced within a proposed merger or boundary change as follows:

"(a) One hundred percent of the persons at least 18 years of age; or

"(b) Twenty-five percent of the electors, but no fewer than three nor more than 25 signatures shall be required." (Emphasis supplied.)

[3] It would have been clearer had we also said at this point judicial review of the State Board's order lies in the Court of Appeals under ORS 330.101(6).

330.101(2). The second is a petition for judicial review [*to the Court of Appeals*] within 60 days of the date when a boundary board's order becomes final. ORS 330.101(6); ORS 183.482. *Butte Creek School Dist. v. Clackamas Co.,* 88 Or App 89, 92, 744 P2d 286 (1987); *see also Central School, (Beaman I) v. Marion District,* 88 Or App 85, 87 n 2, 744 P2d 284 (1987), *rev den* 305 Or 45 (1988)." *Central School Dist. v. State Board of Education,* 91 Or App 308, 310, 754 P2d 923 (1988). (Emphasis supplied.)

*See also Central School Dist. v. Marion District,* 91 Or App 314, 754 P2d 925 (1988).

It should be clear by now that, under ORS 330.101(5) a boundary board decision is reviewable only by the State Board of Education and then by the Court of Appeals. Under ORS 330.090(3) the boundary board decision, if not subject to an election, is subject to judicial review by the Court of Appeals. No review lies in the circuit court.[4]

Affirmed.

---

[4] Perhaps in an excess of caution, it has been suggested that it could be argued, although it has not been, that review could be in the circuit court under ORS 19.230(2), which provides, in part:

"Except for a proceeding resulting in a land use decision as defined in ORS 197.015(10) * * * the decisions of the governing body of a municipal corporation acting in a judicial or quasi-judicial capacity and made in the transaction of municipal corporation business shall be reviewed only as provided in ORS 34.010 to 34.100 and not otherwise."

Review by the Court of Appeals of a boundary board action provided by ORS 330.101(6) is a particular provision and controls over the general provisions of ORS 19.230(2).

"In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it." ORS 174.020.

The amendments to ORS 330.101(6) support the conclusion that the legislature intended to eliminate review by writ of review. Before 1979, ORS 330.101(6) provided for review in the circuit court by a writ of review. Oregon Laws 1979, chapter 772, section 19, changed the statute to provide for judicial review by the Court of Appeals in the manner provided in ORS 183.482. Subsequent amendments have not changed the avenue of review.