Argued and submitted January 27, affirmed; motion to supplement record denied
June 14, 1989

RURAL DELL SCHOOL DISTRICT et al,
*Petitioners,*

*v.*

BOARD OF EDUCATION et al,
*Respondents.*

(CA A43597)

775 P2d 852

Nancy J. Hungerford, Oregon City, argued the cause and filed the brief for petitioners.

Dave Frohnmayer, Attorney General, and Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Board of Education.

Deanne L. Darling, West Linn, argued the cause for respondents Steven and Gail Aamodt. With her on the brief was Hutchison, Hammond, Walsh, Herndon & Darling, West Linn.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

JOSEPH, C. J.

Edmonds, J., dissenting.

## JOSEPH, C. J.

Rural Dell School District (Rural Dell) and Mollala Union High School District (Molalla) seek review of an order of the State Board of Education (Board) that approved the request of Steven and Gail Aamodt (respondents) to transfer the property on which they live[1] from petitioners'[2] districts to Canby School District and Canby Union High School District (collectively Canby). We affirm.

Respondents live on 46 acres that are within Rural Dell and Molalla but border on Canby. Buses from Canby and Rural Dell use the road past their house. At the time of the hearing, respondents had a six-year-old child who attended Rural Dell school and a five-year-old who attended a private kindergarten in Canby but who would attend Rural Dell school the next year. Rural Dell imposed approximately $750 in taxes on the property in question. It also received basic school support of approximately $1150 for each enrolled student. Thus, it would lose approximately $3000 per year in public support if the change were made.[3] Rural Dell had an adequate tax base and a cash carry-over at the end of each fiscal year.[4]

Clackamas Educational Service District Board (Clackamas ESD), acting as the district boundary board, held a hearing and rejected respondents' petition to transfer the property. ORS 330.080; ORS 330.090(4). Respondents then appealed to the Board, ORS 330.090(8), which appointed a hearings officer, who took evidence and issued a proposed order. After petitioners and respondents argued the case

---

[1] At the time of the hearing, the property was owned by Steven Aamodt's parents; respondents were then seeking financing to purchase it.

[2] "Petitioners" refers to both Rural Dell and Molalla.

[3] According to the record, the Rural Dell school building is larger than necessary, because projected enrollment increases have not occurred. Instead, enrollment had steadily declined in the years before respondents' petition, and class sizes were generally smaller than optimal. Respondents' children had no unusual educational needs that Rural Dell was required to meet. The $3000 lost by the proposed change, therefore, would not be balanced by reduced expenses.

[4] The Board found that the end-of-year carry-over had ranged from $60,000 to $105,000 during previous years. Rural Dell argues that the carry-over was simply prudent financial management to avoid having to borrow to pay bills before it would receive the next year's property taxes. There was no finding or evidence that would support that argument.

before the Board, it entered an order approving the change. Petitioners then filed this petition for judicial review. They raise four assignments of error, and we deal with each in turn.

ORS 330.090(4) establishes the criteria for the transfer of property from one district to another:

"The district boundary board shall order the change if it finds that the proposed change:

"(a) Will have no substantial adverse effect upon the ability of the districts affected to provide the education program required by law.

"(b) Is not likely to adversely affect the educational programs available to the children in the area affected by the proposed change.

"(c) Is not made solely for tax advantages to the property owners in the district or area affected by the proposed change.

"(d) Is not likely to adversely affect any contemplated reorganization under ORS 330.505 to 330.780.

"(e) Will not result in territory of a district becoming noncontiguous."

The parties agree that criteria (c), (d) and (e) are met.

The first assignment of error is that the Board decided that criterion (a), that there be no substantial adverse effect on any of the districts, was met, even though there was no evidence as to Canby.

1.    Petitioners are correct that respondents did not introduce any evidence before the Board's hearings officer concerning the effect of the change on Canby. Clackamas ESD found that there would be an adverse impact on Rural Dell, because the change would increase its tax rate, but that there would be no change in the tax rates of the other districts. It implicitly also found that there were no other adverse effects on any of the districts.[5] The Board explicitly found that the "parties stipulated that the proposed boundary change did not have an effect on the Molalla Union High District, Canby

_____

[5] Because the hearing before Clackamas ESD was not reported, we do not know all of the evidence that it considered. Petitioners do not assert that there was not sufficient evidence to support its finding.

Union High District or Canby School District 86." That finding was based on this colloquy at the beginning of the hearing before the Board's hearings officer:

> "[RESPONDENTS' ATTORNEY]: [P]art of [criterion (a)] has been met. There was a finding below that there was to no effect to either of the high schools and no effect to the Canby Grade School[.] And, the only district impacted by a change is going to be Rural Dell. So, the majority of our evidence will talk to that.
>
> "[HEARINGS OFFICER]: Did the other side stipulate to this?
>
> "[PETITIONERS' ATTORNEY]: Yes. We are not contesting that there is an adverse impact in Molalla Union High. That district is on record as opposing the change because of the impact on the elementary district."

The colloquy is sufficient to support the Board's finding. The first assignment of error is without merit.[6]

**2.** In their second assignment, petitioners attack the Board's action in holding a *de novo* hearing rather than reviewing the Clackamas ESD decision for substantial evidence and compliance with legal requirements. They base their argument on the provision of ORS 330.090(8) that allows a losing petitioner to "appeal to the State Board of Education to order the proposed change." They argue that that provision creates a scope of review in the Board that is analogous to what we would have under ORS 183.482(8) on a petition for review. That argument is based on a simplistic reading of the statute and does not recognize the ways in which the scope of review on an appeal or administrative review may vary.

**3.** To the degree that an analogy between ORS 330.090(8) and judicial review or a civil appeal is meaningful, it does not prove what petitioners argue. In a civil case, our review of the facts may be *de novo,* as it is in equity matters, or

---

[6] Petitioners assert that the stipulation was ineffective, because Canby was not represented at the hearing. The stipulation did not purport to bind Canby but only to satisfy respondents' burden of proof as to petitioners. In contrast to the dissent's approach, we do not review to determine whether *we* would treat the colloquy as a stipulation but only to determine whether it was reasonable for the Board to do so. Statements by the districts concerning their support for or opposition to the transfer are not relevant to that determination.

it may be limited to determining whether any evidence supports the trial court's findings. *See* ORS 19.125(1), (3). Although our review of the facts in an administrative review is normally limited to determining whether there is substantial evidence to support the agency's findings, the legislature may, and in workers' compensation cases formerly did, provide for *de novo* review. *See Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988). A provision that simply permits an "appeal" says little, if anything, about the scope of appellate review.

Although the legislature did not make explicit the scope of review on an appeal of a boundary decision to the Board, we conclude that it did so implicitly. There is no requirement that a district boundary board create an evidentiary record, and Clackamas ESD did not. Without an adequate record, it would be impossible for the Board to conduct substantial evidence review. The necessary consequence is that the Board had to create its own record and reach its own conclusions on the basis of that record. It could not even give deference to Clackamas ESD's findings, as petitioners suggest that it should have done, because it could not know all of the evidence on which those findings were based. The Board properly treated respondent's appeal as a contested case under ORS 183.310 to ORS 183.500, and it did not err when it appointed a hearings officer to conduct the hearing and to issue a proposed order.

**4.** In their third and fourth assignments of error, petitioners assert that the Board failed to construe the statutory criteria correctly and that its findings are not supported by substantial evidence. Those issues overlap the assignments, and we will consider both assignments together. Petitioners argue that the Board did not consider all of the adverse impacts that the transfer would have on Rural Dell. They point first to the possibility that the loss of two students from a school with fewer than 100 students could bring the number remaining below the number that is necessary to continue existing extracurricular activities. However, the evidence does not suggest that the loss of *these* two students would have that effect. The evidence of the cash carry-over each year and of petitioner's ability to operate within its tax base is sufficient

to support the Board's finding that there would be no significant adverse financial impact from the change.[7] The existence of a number of approximately $3000 expense items in the budget, the loss of any one of which might be detrimental to petitioner's educational program, is not evidence that the district could not absorb the loss by adjusting its budget elsewhere or by increasing its levy within the constitutional limitations. *See* Or Const, Art XI, § 11(2)(a).[8]

**5.** Petitioners misunderstand the requirement of ORS 330.090(4)(b) that the change not be "likely to adversely affect the educational programs available to the children *in the area affected*" by the change. (Emphasis supplied.) They argue that the statute requires the Board to determine whether the change is likely to affect the education of all of the children in the district. That is incorrect. The statute distinguishes between the "districts affected" and the "area affected." *See, e.g.,* ORS 330.090(4)(a), (b), (c). Under it, the "area affected" is the area proposed for transfer, in this case the 46 acres on which respondents live. Their two children are the only children in that area, and there is no evidence that the transfer is likely to affect their educational opportunities adversely.

**6.** Petitioners' final argument is based on ORS 330.090(5), which provides that the boundary board may deny a change, even if the conditions of ORS 330.090(4) are met, if the Board

> "finds that the cumulative impact of the proposed change, prior boundary changes and future boundary changes that are being contemplated or expected to be proposed would have a significant adverse impact, as defined by policies of the boundary board, on the financing or provision of educational

---

[7] The Board apparently did misread the evidence when it concluded that the cash carry-over showed that petitioner was underspending its budget, but that misreading does not affect the evidentiary support for the Board's conclusion that the loss of $3000 per year would not have a significant adverse impact on petitioner.

[8] This case is different from *Kumley v. Polk Co. Dist. Boundary Board,* 75 Or App 315, 706 P2d 562 (1985), in which the lost income was about the same as in this case and the superintendent testified, as did the superintendent in this case, about a number of individual items that might be cut to make up the shortfall. In *Kumley,* we held that there was no evidence that the proposed change would not have a substantial financial effect. However, in *Kumley,* the superintendent testified that the district was down to the bare bones and had suffered two levy defeats. The evidence in this case, which shows that petitioner is not in that condition, is sufficient to support the Board's finding.

programs and services in the affected districts or areas involved."

Petitioners argue that the Board erred in finding that there would be no cumulative impact. However, for there to be a cumulative impact, the record must show that there have been or are likely to be other boundary changes. There is evidence of other boundary changes affecting Canby and Molalla. However, the parties' stipulation, discussed *supra,* took impacts on those districts out of the case. There is no evidence of any other previous, proposed, contemplated or expected to be proposed boundary change affecting Rural Dell. Thus, there is no evidence of cumulative impact under the statute. That being so, we need not consider petitioners' argument that Clackamas ESD could adopt policies defining "cumulative impact" in this case, rather than by a previously adopted rule.[9]

Affirmed; motion to supplement the record denied.

**EDMONDS, J.,** dissenting.

The issue raised by the first assignment of error is whether there is substantial evidence to support the Board's finding that the parties stipulated that the proposed boundary change had no effect on the Canby school districts.[1] The majority holds that the exchange between the hearings officer and petitioners' attorney is such substantial evidence. However, in response to the hearings officer's inquiry, petitioners' attorney only said, "Yes, we are not contesting that there is an adverse impact in [sic] Molalla Union High. That district is on record as opposing the change because of the impact on the elementary district."

In *Johnson v. Northwest Acceptance,* 259 Or 1, 7, 485

---

[9] Respondents' motion to supplement the record, renewed at oral argument, is denied.

[1] In *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988), we said:

"[The substantial evidence] test * * * requires us to look at the whole record with respect to the issue being decided, rather than at one piece of evidence in isolation. If an agency's finding is reasonable, keeping in mind the evidence against the finding as well as the evidence supporting it, there is substantial evidence. That is not what has been referred to as the 'any evidence' rule * * *." 90 Or App at 206.

*See also 1000 Friends of Oregon v. LCDC (Lane Co.),* 305 Or 384, 402-07, 752 P2d 271 (1988); *Younger v. City of Portland,* 305 Or 346, 350-57, 752 P2d 262 (1988).

P2d 12 (1971), the court pronounced the following rule of construction concerning the scope of a stipulation:

> "It is well recognized that the language of a stipulation, whether it be an agreed statement of facts or related to other matters, will not be so construed as to give it the effect of a waiver of a right not plainly intended to be relinquished."

In this case, the Aamodts petitioned to transfer their property from the Rural Dell School District and Molalla Union High School District to the Canby districts. The petition was opposed in writing by Canby School District 86. The Canby Union High School District recommended the change only "if all criteria is [sic] met." After the local boundary board found against the Aamodts, they appealed to the State Board of Education. Petitioners' attorney did not represent the Canby districts. At the beginning of the hearing before the Board's hearing officer, the exchange between the hearing officer and petitioners' attorney occurred which the majority holds is sufficient to support the Board's finding that the parties stipulated as to the non-opposition of the Canby districts. Later in the hearing, petitioners' attorney suggested that all four districts' written responses to the local boundary board be made part of the record "noting the objections of Canby [School District 86], Molalla Union High and Rural Dell."

During oral argument to the Board itself, petitioners' attorney argued that District 86 was on record as opposing the boundary change. Later, one of the Board members inquired as to whether the Board had "heard from the Canby contingency [sic]." Again, petitioners' attorney reiterated that District 86 was on record as being opposed to the change of boundary. In subsequent appearances before the Board, petitioners' attorney continued to assert that her clients had never stipulated that there was not an adverse impact on the other districts.

It is unlikely that petitioners' attorney intended to enter into a stipulation inconsistent with her clients' position when the letter from District 86 was favorable to her clients' position and when she offered it as evidence of District 86's objection subsequent to her exchange with the hearing officer. I would hold that the stipulation did not include District 86 because petitioners did not "plainly intend to relinquish"

what would have been favorable evidence. Because the stipulation did not include District 86, there is not substantial evidence to support the Board's ultimate finding that criterion (a) was satisfied. I dissent.